IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH KRESS, | : | No. 3:05-CV-566 |
| Plaintiff | : | (Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Mannion) |
| BIRCHWOOD LANDSCAPING, | : | |
| Defendant | : | |

## MEMORANDUM AND ORDER

### March 14, 2007

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On February 23, 2007, Magistrate Judge Mannion filed a Report and Recommendation recommending that Defendant Birchwood Landscaping's Motion for Summary Judgment ("the Motion")(doc. 19) be granted in part and denied in part and that the Plaintiff's complaint be dismissed in part and proceed to trial on counts one, four in part, and five.

Objections to the Magistrate Judge's Report were due by March 12, 2007 and to date none have been filed. This matter is now ripe for disposition.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY:**

Plaintiff Elizabeth Kress ("Plaintiff") filed the instant action on March 21,

2005 by filing a complaint (doc. 1) against the Defendant, her former employer. The Plaintiff was employed by the Defendant, a sole proprietorship of Joseph Czarnecki from August 11, 2002 until her resignation in August 2003. Plaintiff was employed first as a sales associate in the Defendant's garden center and was later promoted to garden center manager. (Rec. Doc. 42, pp. 7-9). The Plaintiff alleges that Mr. Czarnecki sexually harassed her from the time she was hired until December 2002.

The complaint raises seven counts based on gender and pay discrimination. Count One raises a hostile work environment on the basis of gender claim in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq., as amended. Count Two raises a *quid pro quo* sexual harassment claim in violation of Title VII. Count Three raises a retaliation claim for Plaintiff's exercise of her Title VII rights, in violation of Title VII. Count Four alleges discrimination on the basis of gender by not providing equal pay, in violation of the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. §206(d). Count Five raises the Title VII gender discrimination allegations under the Pennsylvania Human Relations Act of 1955 ("PHRA"), 43 Pa. Con. Stat. Ann. § 951, et. seq., as amended. In Count Six, Plaintiff alleges that the Defendant constructively discharged her by subjecting her to gender and age discrimination. Finally, in Count Seven, Plaintiff alleges that the defendant intentionally inflicted emotional distress upon her in violation of the

common law of Pennsylvania. The Plaintiff seeks damages and equitable relief. The Defendant answered the complaint on July 7, 2005. (Rec. Doc. 3).

Following the close of discovery, the Defendant moved for summary judgment on August 18, 2006. (Rec. Doc. 19). The motion was fully briefed by the parties, and on February 23, 2007, Magistrate Judge Mannion issued a Report and Recommendation on the motion for summary judgment.

**STANDARD OF REVIEW**:

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). When a district court accepts a magistrate judge's report, the report becomes the judgment of the court. Id.

**DISCUSSION:**

Our review of this case confirms Magistrate Judge Mannion's determinations and well-reasoned analysis, and while we have not been presented with any reason

to revisit them, we do reiterate the salient aspects of the Magistrate Judge's report.[1]

First, Magistrate Judge Mannion found that a genuine issue of material fact remained as to whether the Defendant is a covered Title VII employer. As noted by the Magistrate Judge, the protections of Title VII apply only to an employer as defined by Title VII.[2] We agree that the Defendant's evidence does not show whether or not it employed the threshold number of employees to be covered by Title VII in the subject years. Therefore, Magistrate Judge Mannion correctly recommends that the Defendant's motion for summary judgment on the Title VII claims should be denied.

Second, Magistrate Judge Mannion recommends that Defendant's motion for summary judgment should be denied with respect to Plaintiff's hostile work environment sexual harassment claim. In particular, Magistrate Judge Mannion found that issues of fact remained as to whether Plaintiff was subjected to severe and pervasive harassment. We wholly agree with the Magistrate Judge's

---

[1] In that vein, we need not summarize Magistrate Judge Mannion's detailed explanation of the standard of review governing summary judgment pursuant to Fed. R. Civ. P. 56(c) as well as his lengthy recitation of the facts in this matter, and shall instead incorporate that portion of the Magistrate Judge's report herein by reference. (Rec. Doc. 42 at pp. 4-24).

[2] Title VII defines the term "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b).

recommendation, given that the record is unclear as to whether the sexual content of the conversations that occurred frequently in Plaintiff's conversations at work was severe, humiliating, or merely offensive, or if they interfered unreasonably with Plaintiff's work.  Therefore, we shall deny summary judgment on this claim and it shall proceed to trial.

Third, Magistrate Judge Mannion recommends that we grant the Defendant's motion for summary judgment with respect to Plaintiff's claim for *quid pro quo* sexual harassment because the Plaintiff has not identified, by substantiated evidence, any adverse tangible employment action taken against her by Mr. Czarnecki against her on the basis of her rebuffs to his advances.  It is well established that to mete out a claim for *quid pro quo* sexual harassment a plaintiff must show that "his or her response to unwelcome advances was subsequently used as a basis for a decision about compensation, [terms, conditions, or privileges of employment]," Farrell v. Planters Lifesavers Co., 206 F.3d 271, 282 n.7 (3d Cir. 2000).  While Plaintiff has identified alleged threats by Mr. Czarnecki against her, for example, that she would not be given a raise if she were not "nicer" to him, Plaintiff simply has not shown any *fulfilled* threats.  As Magistrate Judge Mannion points out, she was given excellent reviews and rehired for the 2003 season, was made a landscape foreman, and received nearly a twenty per cent raise.

Accordingly, we agree with the Magistrate Judge that no reasonable factfinder could find that the Plaintiff was subjected to *quid pro quo* sexual harassment and shall grant the Defendant's motion with respect to this claim under Title VII.

Fourth, the Magistrate Judge recommends that we grant Defendant's summary judgment motion with respect to Plaintiff's Title VII claim of retaliation because no genuine issue of material fact exists as to whether Plaintiff was retaliated against by Mr. Czarnecki.  As with the *quid pro quo* sexual harassment claim, Plaintiff has failed to establish any materially adverse employment action taken against her in retaliation for her opposition to Mr. Czarnecki's conduct.[3] Therefore, we shall grant the Defendant's motion for summary judgment with respect to Plaintiff's Title VII retaliation claim.

Fifth, Magistrate Judge Mannion recommends that summary judgment be granted in favor of Defendant with respect to Plaintiff's EPA claim as it relates to Mr. Grosner, but that we deny the Defendant's motion with respect to Plaintiff's EPA claim as it relates to Mr. Elliot.  Magistrate Judge Mannion found, and we agree, that no reasonable factfinder could find that the Defendant discriminatorily paid Plaintiff less than Mr. Grosner because Mr. Grosner had vocational education,

---

[3] The Magistrate Judge notes that constructive discharge may support a claim of retaliation, however he found, and we are inclined to agree, that there is insufficient evidence to support Plaintiff's claim of constructive discharge.

many years of experience and a fertilizer license. In spite of the experience the Plaintiff may have gained in her personal life while gardening, she only had sixteen months of gardening center experience, none of which was devoted exclusively to landscape design. Moreover, she lacked a fertilizer license. Therefore, the pay disparity was not discriminatory, but based on the evident differences in training and background between Mr. Grosner and the Plaintiff. With respect to Mr. Elliot, although the Plaintiff did not specify in her complaint that her EPA claim arose from a pay disparity with Mr. Elliot, the record and the Plaintiff's brief in opposition to the summary judgment motion make clear that she alleges that she was in fact paid less than Mr. Elliot. The Defendant has not raised any argument concerning Mr. Elliot's qualifications in comparison to Plaintiff's. Therefore, the Magistrate Judge was unable to address the EPA claim against Mr. Elliot, and accordingly the Defendant's motion for summary judgment shall be denied with respect to the Plaintiff's claim concerning Mr. Elliot under the EPA.

Sixth, Magistrate Judge Mannion recommends that the Court grant the Defendant's motion with respect to Plaintiff's constructive discharge claim because there is no genuine issue of material fact as to whether she was constructively discharged. Magistrate Judge Mannion notes, in his review of the factual record, that none of the indicia of a constructive discharge are present – the Defendant did

not threaten Plaintiff with discharge, encourage her to resign, reduce her pay or benefits, give her less desirable job or duties, or poor evaluations.  In fact, the Defendant in effect promoted the Plaintiff when it allowed her to work on landscaping projects, gave her a raise and gave her excellent evaluations.  We agree with Magistrate Judge Mannion's logic that no reasonable factfinder could find under the totality of the circumstances that the Plaintiff was constructively discharged.  Therefore, we shall grant the Defendant's motion for summary judgment on this claim.

Finally, Magistrate Judge Mannion recommends that we grant the Defendant's motion for summary judgment with respect to Plaintiff's claim for intentional infliction of emotional distress ("IIED") because the Plaintiff has not adduced any of the requirements to establish a genuine issue of material fact so as to state a claim for IIED.  Magistrate Judge Mannion found, and we agree, that the Defendant's alleged conduct does not qualify as extreme or outrageous under Pennsylvania and the Third Circuit's jurisprudence.  Furthermore, Plaintiff has failed to allege either severe emotional distress or any related physical injury and has provided no medical evidence to substantiate a claim of emotional distress.  Accordingly, we shall adopt Magistrate Judge Mannion's recommendation and dismiss the Plaintiff's IIED claim.

Our review of this case obviously confirms Magistrate Judge Mannion's determinations. Because we find no error in Magistrate Judge Mannion's Report and Recommendation and because no objections have been filed, we will adopt it as our own for the reasons cited herein.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Magistrate Judge Mannion's Report and Recommendation (doc. 42) is ADOPTED in its entirety.

2. Defendant's Motion for Summary Judgment (doc. 19) is GRANTED in part and DENIED in part to the following extent:

    a. The Defendant's Motion for Summary Judgment is DENIED with respect to its argument that it is not a Title VII employer;

    b. The Defendant's Motion for Summary Judgment is DENIED with respect to Plaintiff's claim that she was subjected to a hostile work environment contained in Count One.

    c. The Defendant's Motion for Summary Judgment is GRANTED with respect to Plaintiff's claim for *quid pro quo* sexual harassment under Title VII contained in Count Two.

    d. The Defendant's Motion for Summary Judgment is GRANTED with respect to Plaintiff's claim of Title VII retaliation contained in Count Three.

    e. The Defendant's Motion for Summary Judgment is GRANTED with respect to Plaintiff's EPA claim concerning Mr. Grosner contained in Count Four.

  f. The Defendant's Motion for Summary Judgment is DENIED with respect to Plaintiff's EPA claim concerning Mr. Elliot contained in Count Four.

  g. The Defendant's Motion for Summary Judgment is DENIED with respect to the Plaintiff's PHRA claim contained in Count Five.

  h. The Defendant's Motion for Summary Judgment is GRANTED with respect to Plaintiff's constructive discharge claim contained in Count Six.

  i. The Defendant's Motion for Summary Judgment is GRANTED with respect to the Plaintiff's IIED claim contained in Count Seven.

3. A telephonic conference in this matter is hereby scheduled for March 21, 2007, at 10:00 a.m., so that the parties and the Court may discuss placement of this case on a trial term. Plaintiff's counsel shall initiate the conference call. Chamber's telephone number is (570) 601-1497.

          s/ John E. Jones III
          John E. Jones III
          United States District Judge